**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                              **ORDER**
                                                            20-CR-321 (GRB)(SIL)

       -against-

JORLY CRUZ,

               Defendant.

-----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

      Before the Court are objections by defendant Jorly Cruz to the August 13, 2021 Report & Recommendation of Magistrate Judge Locke concerning the potential suppression of physical evidence seized by and incriminating statements made to law enforcement before and during a protective sweep and search of defendant's residence. Upon referral by the Court, Judge Locke held an extensive suppression hearing at which witnesses for the Government and for the defendant testified. Following this hearing, Judge Locke issued a painstakingly detailed, 32-page Report and Recommendation ("R&R"), familiarity with which is assumed.

      In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely objections to a magistrate judge's findings or recommendations as to a motion to suppress evidence, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made. Fed. R. Crim. P. 59(b); *see also* 28 U.S.C. § 636(b)(1); *United States v. Chandler*, No. 15-CR-131 (JMA)(SIL), 2016 WL 4076875, at *1 (E.D.N.Y. Aug. 1, 2016).

Where, as here, the determination turns in whole or part on the credibility of the witnesses, "the statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.'" *United States v. Raddatz*, 447 U.S. 667, 683 (1980) (holding, in the context of a suppression motion, that the district court retains discretion to rely upon magistrate judge's credibility determinations where appropriate); *cf. Davis v. Oyster Bay-E. Norwich Cent. Sch. Dist.*, 473 F. App'x 14, 15 (2d Cir. 2012) ("the Federal Magistrates Act, see 28 U.S.C. § 636(b)(1), 'calls for a *de novo* determination, not a *de novo* hearing' of contested issues") (quoting *Raddatz*, 447 U.S. at 674); Def.'s Objection at 7.

Which brings us to Judge Locke's meticulous work in this case. In rejecting the testimony of two critical defense witnesses, Mr. Ortiz and Ms. Totok, Judge Locke not only provided general observations about their demeanor and deportment, but offered specific findings supporting his determinations.[1] DE 69 at 6-7. He noted, for example, that one witness had "a long history with drugs, drug crimes, *ignoring court orders and lying to the court*." *Id.* at 6 (emphasis added). As to the second witness, he provided specific examples of logical inconsistencies in her testimony, including near perfect recollection of events from more than a year earlier but inability to recall recent experiences. *Id*. at 6-7. Judge Locke correctly determined that a witness demonstrating such "selective memory" is often unworthy of belief. *Id*. at 7. In finding the Government witnesses credible, Judge Locke took pains to note where such testimony was corroborated, logical and/or undisputed. *See, e.g.*, *id.* at 8. Thus, the Court finds no need to recall the witnesses, as Judge Locke's findings are entitled to substantial weight.

---

[1] Judge Locke diligently recorded, while specifically excluding from his analysis, the fact that one witness had to be admonished for shouting "corrections" from the gallery to the testimony of a Government witness, concerning a conversation about which she had testified that she had no recollection. The Magistrate Judge demonstrated remarkable restraint by excepting this from his evaluation. DE 69 at 7 n.4.

2

These determinations largely overcome the objections. In those objections, defendant challenges the legality of the search and the voluntariness of defendant's statements. Based on his findings, however, Judge Locke properly recommends that the Court conclude that the officers searching for a fugitive (1) lawfully conducted a protective sweep of the subject residence (with authorization from the defense witnesses), (2) seized incriminating evidence found in plain view, including an assault rifle and a quantity of apparent narcotics, from the defendant's room, and (3) obtained knowing and voluntary consent to search and statements from the defendant. *Id.* at 18-29.[2] Nothing in the objections gives cause to disturb these findings, and the legal arguments raised have been considered but are without merit.

Based on the foregoing, the objections are overruled, the Court hereby adopts the R&R and the motion to suppress is denied.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2021

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

[2] As alternative holdings, Judge Locke further found that discovery of the evidence was inevitable and any taint arising from a potential illegal search had dissipated, but the Court need not reach these issues.